1    JOSEPH P. RUSSONIELLO (CA SBN 44332)
     United States Attorney
2    JOANN M. SWANSON (CA SBN 88143)
     Chief, Civil Division
3    CLAIRE T. CORMIER (CA SBN 154364)
     Assistant United States Attorney
4        150 Almaden Blvd., Suite 900
         San Jose, CA 95113-2009
5        Telephone: 408-535-5082
         claire.cormier@usdoj.gov                    *E-FILED - 8/12/09*
6
     Attorneys for Defendant
7

8                         UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT OF CALIFORNIA

10                                SAN JOSE DIVISION

11   DOUGLAS F. CARLSON,                  )    No. C-06-01578 RMW
                                          )
12              Plaintiff,                )    STIPULATION AND [] ORDER
                                          )    RE PARTIAL SETTLEMENT AND
13        v.                              )    PARTIAL DISMISSAL
                                          )
14   UNITED STATES POSTAL SERVICE,        )
                                          )
15              Defendant.                )
     _____ )
16

17        IT IS HEREBY STIPULATED AND AGREED by and between plaintiff Douglas Carlson

18   ("Plaintiff") and defendant United States Postal Service (hereinafter the "Postal Service") as follows:

19        1.      The parties do hereby agree to settle, compromise and dismiss certain claims in the

20   above-captioned action ("This Action") under the terms and conditions set forth herein.

21        2.      The Postal Service will provide Plaintiff with one complete, updated set of Collection

22   Point Management System ("CPMS") data in Microsoft Excel format per year for five years or until

23   such time as CPMS ceases to be in operation, whichever is sooner.  No fees would be assessed for these

24   data. This does not affect the right of the Postal Service to seek to recover fees relating to CPMS or

25   similar data, should Plaintiff request such data after the five-year period ends.  Should CPMS cease to

26   be in operation prior to the completion of the anticipated five-year term of this agreement, the

27   agreement will be voided for any years remaining in the five-year term for which the CPMS data has

28   not yet been provided.  The term of this agreement, unless shortened as described above or extended by

the parties by further written agreement, is five years commencing October 1, 2008.  These time periods coincide with the fiscal years for the Postal Service.  Plaintiff acknowledges that the Postal Service has provided a set of CPMS data for the first year of this agreement.  For the remaining four years (or any shortened or extended time period as described above), the Postal Service shall provide the CPMS data to Plaintiff as soon as possible upon Plaintiff's request, but not later than 30 days thereafter.  The Postal Service shall have no obligation to provide annual CPMS data if Plaintiff does not make such a request.

3.      With regard to Counts 17C and 17D of the Second Supplemental Complaint, the Postal Service agrees that the FOIA requests underlying those Counts will not be aggregated for fee purposes and that such requests have been or will be processed individually.  Plaintiff hereby dismisses without prejudice Counts 17C and 17D from This Action.  Plaintiff agrees that, should he later seek judicial review of the FOIA requests underlying counts 17C and/or 17D, he will not claim that the Postal Service improperly aggregated one or more of those FOIA requests for fee purposes.

4.      Plaintiff hereby dismisses with prejudice Counts 1, 2A, 2B, 3, 6, 7, 10, 12, 13, 15, 16, 17A, and 17B from This Action.  Counts 4, 5, 8, 9, 11, and 14 remain in This Action.[1/]  Plaintiff hereby releases and forever discharges the Postal Service, any and all of its past and present  officials, employees, agents, attorneys, successors, and assigns from any and all obligations, damages, liabilities, causes of actions, claims, and demands of any kind and nature whatsoever, whether suspected or unsuspected, arising in law or equity, arising from or by reason of any and all known, unknown, foreseen, or unforeseen injuries, and the consequences thereof, resulting from the processing of or the

---

[1/]  The Postal Service and Plaintiff expect that Counts 4, 5, 9, and 14 will become ripe for dismissal with prejudice upon further action by the Postal Service, as discussed by the parties at the settlement conference and subsequently.  Plaintiff has agreed to dismiss each of these counts on the condition that the Postal Service undertake certain actions.  In particular, Plaintiff has indicated that Counts 4 and 5 will be considered moot if and when the Postal Service certifies, under oath, that no responsive records exist.  Count 9 will be considered moot if and when the Postal Service certifies, under oath, that no responsive records exist except for certain confidential third-party records that the Postal Service has identified to Plaintiff, and that no additional responsive records existed at the time Plaintiff submitted the FOIA request underlying Count 9.  The Postal Service offers to provide a fuller array of records responsive to Count 14, with redactions to all exempt information except for email author and recipient names, dates and times of transmission, and subject lines; this proposal is conditional on Plaintiff's agreement to dismiss Count 14 upon such disclosure.  The parties will file an additional Stipulation and Proposed Order regarding any settlement and/or dismissal of these counts.

1    decisions relating to the FOIA requests at issue in Counts 1, 2A, 2B, 3, 6, 7, 10, 12, 13, 15, 16, 17A, or

2    17B of This Action.

3         5.     Plaintiff agrees to limit his submission of Freedom of Information Act ("FOIA")

4    requests to the Postal Service to no more than 20 requests each fiscal year for five years.  Such requests

5    shall not exceed three in any period of 15 calendar days, as determined by the requests' postmark date.

6    If the Postal Service receives more than the maximum number of FOIA requests (either annually or per

7    15 calendar days), the Postal Service will notify Plaintiff that any excess requests will not be processed,

8    though this would be without prejudice to Plaintiff's right to re-submit such requests during a

9    subsequent time period.  If the Postal Service receives requests out of the order in which they were

10   mailed and if the number of such requests exceeds the allowed number for a given fifteen-day period,

11   the Postal Service will process the first three requests that the Postal Service received.  In such

12   circumstances, the Postal Service will notify Plaintiff that the fourth-received request will not be

13   processed, though this would be without prejudice to his right to re-submit that request at another time.

14        6.     If Plaintiff violates the numerical limits as stated in Paragraph 5, above, on two or more

15   occasions during the duration of this agreement, the Postal Service has the option to cancel this

16   agreement.

17        7.     Plaintiff's FOIA requests to the Postal Service are limited to one subject matter and/or

18   one discrete set of data (*i.e.*, the numerical limit may not be overcome by including in one request what

19   would more appropriately be submitted as several requests).  All such requests shall be submitted to the

20   appropriate FOIA Requester Service Center, in accordance with USPS Handbook AS-353, *Guide to*

21   *Privacy, the Freedom of Information Act, and Records Management* ("Handbook AS-353") § 4-2.4 (as

22   amended, 12/20/07). This provision applies to FOIA requests directed to any component of the Postal

23   Service, including, but not limited to, the Office of the Inspector General, the Postal Inspection Service,

24   the Office of the Board of Governors, and any other office at Headquarters or elsewhere.

25        8.     The following do not count as FOIA requests for the purposes of the numerical

26   limitations as stated in Paragraph 5, above: service complaints, requests for records solely under one or

27   more statutes or regulations that confer a right of access independent of the FOIA, civil or

28   administrative discovery requests, and correspondence in the form of questions or comments.

9.      Plaintiff agrees not to circumvent the numerical limitation on FOIA requests, as stated in Paragraph 5, above, by requesting other persons to make requests on his behalf.

10.     The parties acknowledge that neither this agreement nor anything contained herein shall constitute an admission of liability or fault on the part of the Postal Service or its agents, servants, or employees.  This agreement is entered into by the parties for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation.

11.     This agreement may be pled as a full and complete defense to any action or other proceeding, including any local, state or federal administrative action, involving any person or party which arises out of the claims released and discharged by this agreement.

12.     The parties agree that the District Court shall retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this agreement.

13.     If any provision of this agreement shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

14.     This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this agreement has been freely and voluntarily entered into by the parties hereto.  The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this agreement.

15.     The persons signing this agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

16.      This agreement may not be altered, modified or otherwise changed in any respect except in writing, duly executed by all of the parties or their authorized representatives.

//
//
//
//
//
//

IT IS SO STIPULATED.

                                        Respectfully submitted,

DATED: _August 4_____, 2009           JOSEPH P. RUSSONIELLO
                                         United States Attorney


                                         _____
                                         CLAIRE T. CORMIER
                                         Assistant United States Attorney


DATED: _August 3_____, 2009            _____
                                         DOUGLAS F. CARLSON
                                         Plaintiff


                          ~~XXXXXXXXX~~ PROPOSED ORDER

     Upon stipulation of the parties and good cause appearing, IT IS HEREBY ORDERED THAT

Counts 1, 2A, 2B, 3, 6, 7, 10, 12, 13, 15, 16, 17A, and 17B are hereby dismissed from This Action with

prejudice on the terms described in the above agreement between the parties.  In addition, Counts 17C

and 17D are hereby dismissed from This Action without prejudice on the terms described in the above

agreement between the parties.

     IT IS SO ORDERED.


Dated: _____8/12_____, 2009            _Ronald M. Whyte_____
                                         Ronald M. Whyte
                                         United States District Court Judge


Stipulation And Order For Partial Settlement
C06-01578-RMW                            -5-