```
1  MELINDA HAAG (CSBN 132612)
   United States Attorney
2  JOANN M. SWANSON (CA SBN 88143)
   Chief, Civil Division
3  CLAIRE T. CORMIER (CA SBN 154364)
   Assistant United States Attorney
4     150 Almaden Blvd., Suite 900            *E-FILED - 9/22/10*
      San Jose, CA 95113-2009
5     Telephone: 408-535-5082
      claire.cormier@usdoj.gov
6
   Attorneys for Defendant
7
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| DOUGLAS F. CARLSON, | No. C-06-01578 RMW |
| Plaintiff, | STIPULATION AND [XXXXXXXX] ORDER RE SETTLEMENT AND DISMISSAL |
| v. | |
| UNITED STATES POSTAL SERVICE, | |
| Defendant. | |

IT IS HEREBY STIPULATED AND AGREED by and between plaintiff Douglas Carlson ("Plaintiff") and defendant United States Postal Service (hereinafter the "Postal Service") as follows:

1.  The parties do hereby agree to settle, compromise and dismiss the remaining claims in the above-captioned action ("This Action") under the terms and conditions set forth herein.

2.  Through the previously-filed Stipulation and [Proposed] Order Re Partial Settlement and Partial Dismissal, and the Stipulation and [Proposed] Order Re Additional Partial Settlement and Partial Dismissal, the parties agreed to the dismissal of all claims in This Action except for Counts 8 and 11. The parties are now prepared to settle and dismiss the remaining Counts.

3.  With regard to Count 8, within 30 days of the Court's approval of this Stipulation, the Postal Service shall provide an explanation of all reasons why the Postal Service, in 2006, considered, and ultimately implemented, the revision to Exhibit 125.343 of the *Postal Operations Manual* that the Postal Service announced in *Postal Bulletin* 22187 on August 17, 2006, at page 58. This explanation

shall include the reasons why the Postal Service commenced a review of the policy contained in the former version of this exhibit, and this explanation shall describe any role that a Freedom of Information Act request from Plaintiff in 2006 for records containing dispatch times in Atlanta, Georgia, a service complaint from Plaintiff in 2005 or 2006 concerning collection times in Atlanta, Georgia, or a service complaint from Plaintiff in 2006 concerning collection times in Santa Cruz, California, played in causing the policy contained in the former version of Exhibit 125.343 to be reviewed or modified.

4. With regard to Count 11, the Postal Service states that it regularly discloses product volume information to the Postal Regulatory Commission ("PRC") through quarterly and annual reports, and that the PRC permits the Postal Service to file other product-specific volume information under seal due to its recognized commercial sensitivity. Even though the material is not public, the PRC may grant access to certain individuals who petition for access and agree to appropriate "protective conditions" respecting the information's confidentiality. The Postal Service agrees that, if Plaintiff petitions the PRC for access to annual international product volume information filed with the PRC by the Postal Service for fiscal year 2010, the Postal Service will not oppose the petition from Plaintiff for access, subject to the PRC's standard protective conditions.

5. The Postal Service agrees to pay to Plaintiff the sum of $300 as reimbursement of Plaintiff's costs in This Action. After receipt of the Court's approval of this Stipulation, the Postal Service shall promptly submit a request for the reimbursement of Plaintiff's costs.

6. Plaintiff hereby dismisses with prejudice Counts 8 and 11 from This Action. Plaintiff hereby releases and forever discharges the Postal Service, any and all of its past and present officials, employees, agents, attorneys, successors, and assigns from any and all obligations, damages, liabilities, causes of actions, claims, and demands of any kind and nature whatsoever, whether suspected or unsuspected, arising in law or equity, arising from or by reason of any and all known, unknown, foreseen, or unforeseen injuries, and the consequences thereof, resulting from the processing of or the decisions relating to the FOIA requests at issue in Counts 8 and 11 of This Action. The parties acknowledge that the dismissal of Counts 8 and 11 with prejudice will result in the entirety of This

//

Action being dismissed with prejudice with the exception of Counts 17C and 17D, which were dismissed without prejudice.

7.  The parties acknowledge that neither this agreement nor anything contained herein shall constitute an admission of liability or fault on the part of the Postal Service or its agents, servants, or employees. This agreement is entered into by the parties for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation.

8.  This agreement may be pled as a full and complete defense to any action or other proceeding, including any local, state or federal administrative action, involving any person or party which arises out of the claims released and discharged by this agreement.

9.  The parties agree that the District Court shall retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this agreement.

10.  If any provision of this agreement shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

11.  This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this agreement has been freely and voluntarily entered into by the parties hereto. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this agreement.

12.  The persons signing this agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

13.  This agreement may not be altered, modified or otherwise changed in any respect except in writing, duly executed by all of the parties or their authorized representatives.

IT IS SO STIPULATED.

DATED: Sept. 13 , 2010

Respectfully submitted,

MELINDA HAAG
United States Attorney

/s/ Claire T. Cormier
CLAIRE T. CORMIER
Assistant United States Attorney

DATED: September 9, 2010

_____
DOUGLAS F. CARLSON
Plaintiff

[XXXXXXX] **ORDER**

Upon stipulation of the parties and good cause appearing, IT IS HEREBY ORDERED THAT Counts 8 and 11 are hereby dismissed from This Action with prejudice on the terms described in the above agreement between the parties. Accordingly, with the exception of Counts 17C and 17D which were previously dismissed without prejudice, This Action is dismissed with prejudice.

IT IS SO ORDERED.

Dated: 9/22, 2010

_____
Ronald M. Whyte
United States District Court Judge